UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

TYLER FINNEGAN,

      Plaintiff,

vs.

MASSACHUSETTS COLLEGE OF
PHARMACY AND HEALTH SCIENCES,
by and through the Board of Trustees,

      Defendant.

Case No.: 1:23-cv-12997

---

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiff Tyler Finnegan ("Plaintiff" or "Mr. Finnegan") and Defendant Massachusetts College of Pharmacy and Health Sciences, properly named "Massachusetts College of Pharmacy and Health Sciences University ("MCPHS" or the "Defendant"), jointly submit the following Status Report and Discovery Plan to the Court pursuant to L.R. 16.1(d) and FED. R. CIV. P. 26(f)(3).

## I.    STATUS OF LITIGATION

On December 6, 2023, Plaintiff initiated the instant matter by filing his Complaint in this Court, alleging the following five causes of action:

- **Count I:** Violation of Section 504 of the Rehabilitation Act 29 U.S.C. § 794;
- **Count II:** Violation of Title III of the Americans with Disabilities ACT 42 U.S.C; §12182(a); 42 U.S.C. §§ 12181 *et. seq;*
- **Count III:** Violation of Mass. Gen. Laws Ch § 93 (A);
- **Count IV:** Breach of Contract;
- **Count V:** Denial of Basic Fairness.

On January 17, 2024, MCPHS waived service, allowing until March 12, 2024, to file a responsive pleading.  On that date, MCPHS filed a Motion to Dismiss along with a Memorandum of Law in Support of the Motion.  On March 26, 2024, Plaintiff filed his opposition to MCPHS' Motion to Dismiss.   The Court scheduled a hearing on the matter for May 29, 2024.  Both parties argued their positions, and the Court took the matter under advisement.  On November 13, 2024, the Court issued a Memorandum and Order on the Motion, and allowed MCPHS' Motion to Dismiss pursuant to Counts III, IV, and V.  MCPHS timely filed its Answer to the remaining Counts on November 24, 2024.

The parties met on November 22, 2024, to discuss topics contemplated by sections (B), (C), and (D) of LR 16.1, as modified by the Notice of Scheduling Conference, and FED. R. CIV. P. 26(f). The Parties now submit their pretrial scheduling proposal for the Court's consideration in advance of the December 16, 2024 scheduling conference.

## II.     STATEMENTS REGARDING LIABILITY AND RELIEF SOUGHT

Per the Court's November 13, 2024 Order, the Parties provide the following statements regarding liability and the relief sought.

### a.  Plaintiff's Statement.

This is a case stemming from Plaintiff's wrongful dismissal from the pharmaceutical graduate program at Defendant Massachusetts College of Pharmacy and Health Sciences in Boston. Plaintiff, a promising student at MCPHS, had his hopes of becoming a Doctor of Pharmacy ripped away from him due to the discriminatory actions and inactions of the administration. Plaintiff is seeking damages for Defendant's violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Plaintiff suffered from chronic migraines, a condition covered by the ADA and Section 504. Plaintiff was advised to withdrew from classes to

avoid poor academic performance as a result of his migraines and seek a leave of absence in order

to improve his health and come back and continue his successful progress at MCPHS. Plaintiff

followed the advice given and did just that. Defendant failed to file the proper paperwork reflecting

Plaintiff's withdrawal from classes and subsequent leave of absence. Defendant's actions and

inactions resulted in Plaintiff being dismissed from the program as a result of his disability.

### b.  Defendant's Statement

Defendant disputes the allegations in Plaintiff's Complaint for several reasons.  First,

Plaintiff was not dismissed from the University "solely" on the basis of his disability as required

by statutes.  As acknowledged by Plaintiff in his Complaint, he was dismissed due to poor

"academic performance."  Furthermore, Plaintiff was not a "qualified individual" within the

meaning of the statutes as for at least three years prior to the onset of his alleged disability, Plaintiff

failed to meet the minimum academic requirements of the Doctoral Program and was therefore

dismissed on three separate occasions.  Lastly, it is MCPHS' position that Plaintiff never made a

"sufficiently direct and specific request for special accommodations" as required by case law

precedent.

Additionally, regarding Damages under Title III of the ADA, Defendant contends that

Plaintiff is not entitled to any monetary damages such as compensatory, punitive, emotional or

economic under Title III of the ADA.  Title III authorizes only injunctive relief, and ***not monetary***

***damages***, to successful plaintiffs.  Furthermore, MCPHS contends that damages for past harms are

not available, leaving preventive injunctive relief as Plaintiff's sole remedy under Title III.

Regarding damages under Section 504, Defendant contends that Plaintiff will be unsuccessful in

proving "intentional discrimination" which is required to recover compensatory damages.  Similar

to damages under the ADA, Defendant asserts that Section 504 does not allow for punitive damages, nor damages for emotion distress.

### III.    PROPOSED SCHEDULING ORDER

The parties jointly propose to conduct discovery and motion practice according to the following schedule:

| Event | Deadline |
|---|---|
| Parties to serve Fed. R. Civ. P. 26 initial disclosures | December 31, 2024 |
| Parties to complete fact discovery including depositions | August 31, 2025 |
| Plaintiff's expert disclosure including expert report | October 31, 2025 |
| Defendant's expert disclosure including expert report | November 30, 2025 |
| Expert Depositions (all parties) | February 28, 2026 |
| Rule 56 Motions filed | April 30, 2026 |
| Oppositions to Rule 56 filed 21 days after service of Motion | ----- |
| Initial Pre-Trial Conference | July 13, 2026 |

The Parties currently do not contemplate a need to modify the discovery limitations imposed by Federal and Local Rules, nor do the Parties believe the case is appropriate for phased discovery.

### IV.    <u>SETTLEMENT PROPOSAL</u>

Pursuant to L.R. 16.1(c), Plaintiff's Counsel tendered a formal Settlement Demand to Defense Counsel, which Defense Counsel conveyed to MCPHS representatives for their consideration.

## V.    TRIAL BY MAGISTRATE JUDGE

The parties are not in agreement about an assignment of the case to a Magistrate Judge for trial.

## VI.    <u>CERTIFICATION OF COUNSEL</u>

Pursuant to L.R. 16.1(d)(3), the undersigned hereby certify that counsel and an authorized representative of each party have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Respectfully submitted,

Plaintiff,
TYLER FINNEGAN,

Defendant,
MASSACHUSETTS COLLEGE OF
PHARMACY AND HEALTH SCIENCES,

*/s/ Keith Altman*
Keith Altman (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Rd., Ste. 375
Farmington Hills, MI 48331
TEL:  (248) 987-8929
keithaltman@kaltmanlaw.com

*/s/ Timothy J. Fazio*
Timothy J. Fazio (BBO #654157)
Anthony P. Gatto (BBO #698301)
Manning Gross & Massenburg, LLP
125 High Street, 6th Floor
Oliver Street Tower
Boston, MA 02110
TEL:  (617) 670-8800
tfazio@mgmlaw.com
agatto@mgmlaw.com

*/s/  Regina M. Federico*
Regina M. Federico, Esq. (BBO #700099)
NESENOFF & MILTENBERG, LLP
101 Federal Street, 19th Floor
Boston, MA 02110
TEL:  (617) 209-2188
rfederico@nmllplaw.com

Dated:  December 6, 2024